EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dominga Bosques Soto, Etc. <br>      Demandante-Recurrido <br><br>          vs. <br><br> Javier A. Echevarría Vargas, Etc. <br>      Demandado-Peticionario <br><br> Orvin Acevedo, Etc. <br>      Demandante-Recurrido | Certiorari <br><br> 2004 TSPR 149 <br><br> 162 DPR \_\_\_\_ |

Número del Caso: CC-2003-430

Fecha: 13 de septiembre de 2004

Tribunal de Circuito de Apelaciones:

          Circuito Regional IV Aguadilla-Mayagüez

Juez Ponente:
          Hon. Yvonne Feliciano Acevedo


Abogados de la Parte Peticionaria:

          Lcdo. Samuel Wiscovitch Coralí

Abogado de la Parte Recurrida:

          Lcdo. José M. Pérez Villanueva

Materia: Revisión Procedente del Departamento de Asuntos del Consumidor

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dominga Bosques Soto,
Etc.

    Demandante-Recurrido

        vs.

Javier A. Echevarría Vargas,
Etc.
    Demandado-Peticionarios

Orvin Acevedo, Etc.
    Demandante-Recurrido

                    CC-2003-430     Certiorari

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI

San Juan, Puerto Rico, a 13 de septiembre de 2004.

Tenemos la ocasión para interpretar por primera vez la "Ley Complementaria de Garantías de Vehículos de Motor", Ley Núm. 300 del 2 de septiembre de 2000, 10 L.P.R.A. secciones 2066 a 2070, y delimitar el ámbito de su aplicación.

I

El 17 de octubre del 2000 Dominga Bosques Soto y su esposo (en adelante los compradores) adquirieron de Orvin Acevedo Ruiz h/n/c Acevedo Auto Wholesales (en adelante el vendedor), mediante compraventa, un vehículo de motor usado, que tenía 148,496 millas registradas. El precio de venta fue

de $6,500, de los cuales los compradores pagaron $2,000 de pronto y la diferencia fue financiada mediante un préstamo con Reliable Financial Services, Inc.

Posteriormente, el automóvil presentó un problema de goteo de aceite, por lo que los compradores lo llevaron al vendedor para arreglarlo. La reparación supuestamente realizada por el vendedor no fue efectiva, por lo que los compradores acudieron a otro taller para ver si allí le podían resolver el problema aludido. Fue en tal ocasión que tuvieron conocimiento de que su vehículo había sido impactado y reparado previo a que ellos lo adquiriesen del vendedor. Al momento de la otorgación del referido contrato de compraventa los compradores desconocían este hecho debido a que el vendedor no se los notificó.

Así las cosas, el 21 de noviembre del 2001, Bosques Soto, su esposo y la sociedad legal de gananciales integrada por ambos, presentaron una querella ante el Departamento de Asuntos del Consumidor (en adelante DACO). Alegaron, en esencia, que el vendedor nunca les notificó que el vehículo que le habían comprado había sido impactado en su lado izquierdo trasero o lado del chofer y que luego había sido reparado, por lo que solicitaron que se cancelara la compraventa y se le devolviera el dinero pagado por el vehículo, más los intereses correspondientes.

Luego de celebrar una vista administrativa sobre el particular, DACO emitió una resolución y decretó la nulidad del contrato de compraventa en cuestión. Concluyó que el

vendedor había violado lo dispuesto en el artículo 27.2 del Reglamento de Vehículos de Motor, 10 RPR 250.1701, al no informar verbalmente y por escrito en el contrato de compraventa que el vehículo a comprarse había sido accidentado y reparado antes de la venta. Expresó que tal omisión conllevaba la nulidad del contrato debido a que el consentimiento de los compradores estuvo viciado por dolo. Finalmente, DACO ordenó al vendedor y a Reliable Financial Services, Inc. devolver solidariamente la suma de los $2,000 pagada como pronto por los compradores, más la suma de todos los pagos mensuales realizados a Reliable Financial Services, Inc. También ordenó a los compradores la devolución del vehículo objeto de la querella.

Inconforme con la referida determinación, el vendedor acudió al Tribunal de Apelaciones. Alegó, en síntesis, que DACO había errado al resolver que el vendedor había incurrido en dolo cuando le vendió el vehículo a los compradores. También adujo, en la alternativa, que si incurrió en dolo, éste fue incidental y no grave.

El foro apelativo modificó el dictamen de DACO. Concluyó que la actuación del vendedor al no notificar al comprador que el vehículo había sido impactado y reparado antes de la compraventa, daba base a la resolución del contrato por dolo, al estar viciado el consentimiento del comprador. Sin embargo, determinó que mientras lo poseyeron, los compradores no estuvieron privados del uso efectivo del vehículo de motor debido a que los vicios que éste adolecía

no afectaban su uso. Citando el artículo **2 (f) de la "Ley Complementaria de Vehículos de Motor"**, 10 L.P.R.A. 2066 *et seq.,* y sin mayor explicación o fundamentación, el foro apelativo resolvió escuetamente que el vendedor tenía derecho a que del precio de compra a ser devuelto se descontara una cantidad razonable por el uso del vehículo, por lo que devolvió el caso a DACO a los fines de que determinara la cuantía a ser descontada.

Inconforme con el dictamen del foro apelativo, DACO acudió ante nos y planteó, en esencia, que había errado el Tribunal Apelativo al modificar su resolución administrativa y ordenar el cómputo del descuento referido por el uso del vehículo de conformidad con la Ley Complementaria de Garantías de Vehículos de Motor, 10 L.P.R.A., sec. 2066.

El 8 de agosto de 2003 expedimos el auto solicitado a fin de revisar la resolución del Tribunal de Apelaciones del 19 de marzo de 2003. El 26 de noviembre de 2003 la parte peticionaria presentó su alegato y el 11 de diciembre de 2003 la parte recurrida presentó el suyo. Con la comparecencia de ambas partes pasamos a resolver.

II

En su único señalamiento de error ante nos, DACO alega que la Ley Complementaria de Garantías de Vehículos de Motor no aplica al caso de autos debido a que éste trata sobre la venta de un vehículo usado que no fue vendido con garantía del fabricante. Aduce, pues, que la referida legislación

dispone un descuento por uso sólo en casos de vehículos nuevos, o cuando más, en aquellos vehículos que vendidos como usados todavía tienen vigente una garantía del fabricante. Veamos.

El 2 de septiembre de 2000 se aprobó la Ley Núm. 300, conocida como "Ley Complementaria de Garantías de Vehículos de Motor". Aunque en su Exposición de Motivos, se afirma que esta legislación está dirigida a "complementar" la protección al consumidor que dispone la Ley de Garantías de Vehículos de Motor, 10 L.P.R.A. secciones 2051-2065, la legislación en cuestión impone restricciones significativas a los consumidores en sus tratos con los manufactureros de vehículos de motor y sus agentes, en lo que respecta a las garantías de los vehículos. Así pues, la legislación referida le concede al manufacturero o su agente de servicio un "intento final" para reparar el vicio de un vehículo, si luego de tres intentos anteriores no ha logrado hacerlo y el consumidor afectado le ha reclamado por tal vicio por escrito y mediante correo certificado. 10 L.P.R.A. sec. 2069 (a)(1).

Dispone así mismo la ley en cuestión que si el manufacturero o su agente de servicio no logra reparar el vicio "después de un número razonable de intentos", entonces el manufacturero deberá reembolsar al consumidor el precio de compra del vehículo dentro de un plazo de 40 días, descontando de ese precio una compensación razonable por el uso del vehículo. 10 L.P.R.A. 2069 (b)(1).

La legislación referida, sin embargo, no aplica al caso que aquí nos concierne. En el primer artículo de dicha legislación, cuando se definen los significados que tienen los términos y frases de la ley, se hace palmariamente claro que ésta atañe a vehículos de motor **nuevos**. 10 L.P.R.A. sec. 2067 (s). Que el legislador no tuvo la intención de abarcar la compraventa de vehículos usados al aprobar la llamada Ley Complementaria de Garantías de Vehículos de Motor surge, además, del hecho de que esta legislación se aprobó con el fin específico de complementar la Ley de Garantías de Vehículos de Motor, que a su vez sólo abarca vehículos **nuevos**. 10 L.P.R.A. sec. 2053. Así surge claramente de la Exposición de Motivos de la ley referida:

> " La Ley Núm. 7 de 24 de septiembre de 1979, conocida como Ley de Garantías de Vehículos de Motor, fue primordialmente aprobada para proteger de discrimen al consumidor adquirente de vehículos de motor **nuevos** en Puerto Rico, asegurándole que dichos vehículos han de tener las mismas garantías de fabrica que el manufacturero brinda a quienes lo compren en los Estados Unidos...
>
> Esta medida pretende complementar la protección al consumidor otorgada por al Ley Núm. 7, previamente referida..." (Énfasis suplido.)

En vista de que la Ley Complementaria de Garantías de Vehículos de Motor evidentemente no aplica al caso de autos, es patente que erró el foro apelativo al resolver como lo hizo aquí. La controversia ante nos se rige por lo dispuesto en el Código Civil de Puerto Rico, como bien lo determinó DACO. Pasemos a ello brevemente.

III

Como se sabe, con relación a la contratación entre partes, el Código Civil de Puerto Rico dispone que no hay contrato sino cuando concurren los siguientes requisitos: (1) consentimiento de los contratantes (2) objeto cierto que sea materia del contrato (3)causa de la obligación que se establezca, 31 L.P.R.A. sec. 3391. El consentimiento prestado puede ser nulo cuando el mismo ha sido prestado por error, violencia, intimidación o dolo. Colón v. Promo Motor Imports, Inc., 144 DPR 659 (1997).

Existe dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes, es inducido el otro a celebrar un contrato que, sin ellas, no hubiera hecho, 31 L.P.R.A. sec. 3408. Además, constituye dolo el callar sobre una circunstancia importante respecto al objeto del contrato. Márquez v. Torres Campos, 111 DPR 854 (1982).

No todo tipo de dolo produce la nulidad del contrato. Para que el dolo produzca la nulidad del contrato tiene que ser grave y no meramente incidental y no haber sido empleado por las dos partes contratantes. El dolo grave es el que causa y lleva a celebrar el contrato, **de modo tal que sin el no se hubiera otorgado el mismo**. Colón v. Promo Motor Imports, Inc., *supra.*

Por su parte, el Art. 1255 del Código Civil, 31 L.P.R.A. sec. 3514 dispone que:

> Declarada la nulidad de una obligación, los contratantes deben restituirse recíprocamente las cosas que hubiesen sido materia del contrato, con sus frutos, y el precio con los intereses...

Sobre el particular, hemos resuelto que declarada la nulidad del contrato las partes contratantes quedan condenadas a la restauración del estado primitivo anterior de las cosas, mediante la restitución de las prestaciones objeto del contrato, salvo cuando la nulidad se deba a causa torpe o ilícita, en cuyo caso prevalece como criterio el de culpa o torpeza atribuible a las partes. Véase, Sánchez Rodríguez v. López Jiménez, 116 DPR 172 (1985).

Surge de un análisis de la evidencia que obra en autos, que el caso ante nos trata sobre la nulidad de un contrato por vicios en el consentimiento. Las partes convinieron en un negocio jurídico consistente en la compraventa de un vehículo de motor usado. Sin embargo, una de las partes, el vendedor, ocultó a los compradores que dicho vehículo había sido impactado y reparado antes de la compra, incumpliendo así una condición esencial para la venta válida de un vehículo de motor.

En el caso de autos, no cabe duda de que hubo dolo en el consentimiento. El accidente del vehículo y posterior reparación eran evidentemente **elementos esenciales** que el comprador hubiese tomado en consideración al momento de contratar, de haberlos conocido. DACO determinó correctamente que de haber tenido conocimiento el comprador de dichos elementos no hubiese llevado a cabo el contrato. La parte vendedora actuó de manera dolosamente grave al ocultar dicha información, viciando así el consentimiento

del comprador, lo cual justifica la nulidad del contrato. Por ende, procede la restitución de las prestaciones, conforme lo dispone el Art. 1255 del Código Civil.

Por los fundamentos expuestos se dictará sentencia para revocar el dictamen del foro apelativo, y para dejar vigente la resolución emitida por DACO en este caso.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dominga Bosques Soto,
Etc.

    Demandante-Recurrido

        vs.

                       CC-2003-430        Certiorari

Javier A. Echevarría Vargas,
Etc.
    Demandado-Peticionarios

Orvin Acevedo, Etc.
    Demandante-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 13 de septiembre de 2004.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen del Tribunal de Circuito de Apelaciones, Circuito Regional IV de Aguadilla-Mayagüez, y se deja vigente la Resolución emitida por Departamento de Asuntos al Consumidor en este caso.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo